## D. H. DEMENT, Exr., *v.* J. T. HETH, Admr.

1. EXECUTORS AND ADMINISTRATORS — FINAL SETTLEMENT — EXCEPTIONS — On the final settlement of an executor or administrator, the creditors and distributees of the estate have a right to object to any previous partial settlement, and upon exceptions filed to have the whole account corrected according to the truth and evidence.

2. DECREE ON PARTIAL SETTLEMENT NOT CONCLUSIVE — The order allowing an annual or partial settlement of an executor or administrator is not conclusive, but only *prima facie* evidence of the correctness of the account.

3. ADMINISTRATOR DE BONIS NON NOT ENTITLED TO BALANCE FOUND DUE FROM FORMER EXECUTOR OR ADMINISTRATOR. — A decree on the final settlement of the account of an executor or administrator, which directs a balance, found due from him to the estate, to be paid an administrator *de bonis non* is erroneous. The decree in such case should be for payment to creditors, if any, and if none, to distributees.

4. SAME — INSOLVENCY MAKES NO DIFFERENCE. — The insolvency of the estates makes no difference as to this. In such case the court should decree *pro rata* distribution among creditors.

5. SAME — WHO MAY CLAIM BALANCE IN HANDS OF ADMINISTRATOR OR EXECUTOR — Creditors and distributees may sue for the balance found due the estate in the hands of executor or administrator, but an administrator *de bonis non* cannot. His bond does not cover such balance, and he is charged with the duty of collecting it.

APPEAL from the probate court of Yazoo county. FRANKLIN, J.

During the administration of Dement, the estate has been formally declared insolvent. The other facts necessary to an understanding of the opinion of the court will be found stated in it.

Several questions were discussed by counsel, but only so much of their briefs is inserted, as relates to the questions considered and decided by the court.

*Harris & Withers* and *A. Lovering*, for appellant.

Dement presented three accounts to the court at various periods, and to the last, in 1867, there were twenty-three exceptions filed by the creditors adjudicated upon and all but one overruled ; thereafter the last accounting, 22d February, 1869, was excepted to by sixteen exceptions, covering the previous accounting and adjucation between the same par-

ties, and exceptions in 1869 sustained to the same matters previously allowed, to wit, 1st, 2d, 5th, 9th, 10th, overruled, and 3d, 4th, 6th, 7th, 8th, 11th, 12th, 13th, 14th, 15th, 16th, sustained. The first error assigned presents the question, whether a probate court, having distinctly the same parties litigating before it, and having, by a formal decree, adjudicated upon the matters in controversy, can, thereafter, at a subsequent term, re-open the controversy and reverse the former decree without allegations or proof of fraud, newly discovered evidence, or other causes, to show that the parties or the court were deceived or surprised, in the first submission and decree. The first decree in May, 1868, submitted for the same exceptions recited, and as also appears, that "all the parties having been duly cited to appear, and answer of guardian *ad litem* filed, proceeded with *pro confesso* for adults not appearing, including in these steps all the legatees and heirs to formally, as well advised and considered to decree, as for a final decree upon all the matters in controversy; afterward the account was formally allowed. Eleven months subsequent, in April, 1869, the court entered into the consideration of the same controversy under the sixteen exceptions, filed in February, 1869, and re-adjudicated upon the same matters. Among other matters the question of the rent of the place for 1866, embraced in the thirteenth exception, overruled in 1868, was re-adjudicated under the sixth exception of the second list, and exception sustained at the April court, 1869, without any reference to or opening the decree of May, 1868. It is submitted that the first decree overruling the exception cannot be so revised and re-adjudicated, especially between the same parties to the record. The authorities sustain the doctrine, that the decree of the supreme court could not even be set aside for fraud, but that such action pertained to the chancery court. 1 Ves. Senr. 283; Cooper's Eq. 97; Smith et al. v. Hurd et al., 7 How. (Miss.) 201; Trumbull v. Endicott, 3 Smedes & Marsh. 302. In the last case the court express the opinion, "that such power is not confided to

the probate court by the constitution." Freeman v. Rhody, 3 Smedes & Marsh. 329 ; Cases in point, 5 ib. 25 ; Scott v. Searles, ib. 74 ; Harris v. Fisher, ib. 130 ; Stubblefield v. McRaven, ib. 751. When guardian's accounts were settled, as upon final settlement by notice, etc. Austin v. Lamen, 23 Miss. 189 ; Singleton v. Garret, ib. 195 ; Lowry v. McMillan et al., 35 ib. 147 ; Hutchins v. Brooks, 31 ib. 430 ; Hooker v. Hooker, ib. 448. Nearly all the adjudicated matters were passed upon in the subsequent decree.

It is submitted that to sustain this action of the probate court would unsettle the adjudications of that tribunal, virtually convert it into a court of chancery, with less rule of action, and render litigation uncertain and continuous. The last decree, having no greater formalities of parties, pleadings or proof, might, in like manner, be reversed. It is submitted that the first decree was final against the exceptors. They intervened, and, the estate being insolvent, they were the only parties, or represented the only parties, interested, with a greater assurance, as appears of record, that all the parties were present, than at the last decree, or the decree on the last exceptions, of February, 1869.

The third and seventh errors assigned challenge the character of the decree, being in favor of the administrator *de bonis non.* The decree of insolvency had placed the assets of the estate as due to the creditors. Their claims had been registered, examined and allowed, and they alone were entitled to the distribution, without the intervention of any one but the court and her officers. The estate involved in that sum had been administered.

Much less could the administrators be entitled only to complete the administration upon the property unadministered, as upon the lands, take charge of assets or moneys already administered or apportioned, or ordered to be apportioned, to the creditors. The executor had been allowed the percentage for administering these assets, and the creditors were entitled to the same without further diminution. It would be manifestly unjust to pass this

sum or fund into the hands of the administrator *de bonis non* for another allowance to him for collecting and paying out the same under the decree.

It is submitted that the decree might have been for the payment to the clerk, or into the court, or the production of the receipts of the several creditors for their *pro rata* share.

It is submitted that this court cannot now render the decree which should have been rendered below, but must reverse the case for this error, because it does not appear who were the creditors besides the exceptor, Wright, or who were entitled to the fund for the *pro rata* dividend. It is evident, as the court below had full charge by its officers, including the executor not discharged of his trust, of these questions, the subject-matter could not be passed to the administrator *de bonis non.*

*A. M. Harlow*, on the same side.

The first error assigned by plaintiff in error is, "that the court below erred in sustaining exceptions to the executor's account at a subsequent term, which had been overruled by the court at a previous term and so entered of record." The only question now presented by this first assignment is, was it error in the probate court, on the final settlement of the executor, to entertain and sustain exceptions which were similar to, and substantially the same as, those which had been filed and overruled on an annual or interlocutory settlement.

That the allowance of an annual account of an executor or administrator is not conclusive in his favor against parties interested in an estate, whether those parties be heirs, legatees or creditors, certainly cannot be regarded, at this late day, as open to debate. The allowance by the probate court of a claim of an executor or administrator, who is a creditor of an estate, upon an *ex parte* application and proof, is not binding and conclusive upon the heirs or distributees ; for, if upon proof it shall appear to be unfounded

or illegal, it is the duty of the probate court to reject and disallow it, although, upon the *ex parte* application and proof of its validity, it may have been examined and allowed. Sumrall v. Sumrall, 24 Miss. 258.

It is true that the final account of an executor or administrator allowed and confirmed by the probate court cannot be set aside after the term of the court at which it is confirmed ; but a different rule prevails as to annual or partial settlements. They may be surcharged or falsified at any time before final settlement, upon a proper proceeding ; but the burden of impeaching them rests upon those who allege their error. Harper v. Archer, 9 Smedes & Marsh. 71 ;. Chilton's Probate Court Law and Practice, 332 ; 6 Halst. 44 ; 13 Pet. 381 ; 2 Lomax on Executors, 311 ; Turney v. Williams, 7 Yerg. 210 ; Burnett v. Anderson, 3 Leigh,. 348.

On final settlement any annual or partial settlement of an executor or administrator may be surcharged and falsified. Trotter v. Trotter, 40 Miss. 711. Thus, under the construction contended for by plaintiff in error, it would follow that, on the final settlement of an executor or administrator, parties interested in the estate are cited to be in court ; and yet they are in court for nothing, having no power to except, and are debarred from the privilege of excepting, however unjust and erroneous the accounts may be, and although there may be good cause for exceptions, all of which can be and are fully sustained by proof. A construction of a statute which leads to an absurdity is not authorized and will never be given by the courts. Warburton v. Loveland, 1 Hud. & Brooks, (Irish) 2 Q. B. R. 648 ; Toldervy v. Colt, 1 Mees. & Wels. 264.

Was it error in the court below, on the final settlement of the executor, after finding him indebted to the estate in the sum of $6,053 92, to order and decree that sum to be paid over to the administrator *de bonis non.* As the estate of W. W. Hendricks was insolvent, and as the *pro rata* share to each creditor was to be ascertained and could only be

ascertained after adding the amount of money in the hands. of the executor to the proceeds from the sale of the lands,. we think that the amount in the hands of the executor should have been ordered to be paid over to the administrator *de bonis non.*

In the case of Rives, admr., v. Patty, admr. *de bonis non,* 43 Miss. 338, John W. Patty, administrator *de bonis non.* of the estate of Ewell Lamkin, filed his petition in the probate court, setting forth that Thomas Davis, who was. administrator of the estate of Ewell Lamkin, had departed this life intestate, without making a final settlement of the administration ; that Brooks J. Rives became the administrator of the estate of Thomas Davis, and praying that Rives be cited to appear and make a final settlement of his intestate's administration of the estate of Ewell Lamkin. In brief, it was a proceeding by the administrator *de bonis non* against the administrator of the first administrator. There is nothing in the case, as reported, showing that the estate of Lamkin was insolvent, and therefore showing a necessity for the sum due from the first administrator to be paid to the administrator *de bonis non.*

In the case of Gray, admr., v. Harris, 43 Miss. 421, the administrator filed his final account, to which exceptions were filed by distributees and, by the administrator *de bonis non.* It appears that the balance found due against the administrator was for distribution, and the inference is that the estate was solvent. The court ordered the amount to be paid over to the administrator *de bonis non ;* but, under the facts of that case, such order was. erroneous ; for there was no necessity that the money should be paid to the administrator *de bonis non.*

The case of Byrd v. Halloway, 6 Smedes & Marsh. 325, was a proceeding by the administrator *de bonis non* against the administrator of an administrator and, in the case as reported, there is nothing to show that the estate was insolvent, and no necessity is shown why any balance in the hands of the first administrator should not be

paid over to the distributees themselves, instead of to the administrator *de bonis non*, and by him to the distributees.

In the case of Gray, admr., v. Harris, there is evidently a very strong intimation by the court that if creditors have claims upon the money in the hands of the administrator, there is reason in such a case that it should be ordered to be paid to the administrator *de bonis non.* 43 Miss. 429.

The case now before the court differs, in more than one feature, from each of the cases examined. Heth, the administrator *de bonis non*, did not cite the executor to account, nor did he file exceptions to the account. The executor filed his final account, after being cited to do so, at the instance of a creditor, and a creditor filed exceptions to the accounts of the executor. Besides, the estate of W. W. Hendricks was insolvent, and therefore it was proper that the sum due from the executor should be paid to the administrator *de bonis non.* Where the estate is insolvent, we are of the opinion that the creditors cannot sue the executor for the balance found against him as due the estate on final settlement. How could they do so? Can the circuit court determine who are creditors of an estate, and determine their interest or *pro rata* in the fund? The probate court law defines the mode of procedure for the examination and allowance of claims against an estate, the mode of excepting to claims after an estate is declared insolvent, and the mode of procedure for determining the *pro rata* of each creditor. This is clearly exclusively within the jurisdiction of the probate court, and how a creditor can proceed in the circuit court to recover from the executor a *pro rata* which has never been defined and declared, and the amount of which the court has not the power to determine, we are unable to see; and we believe that, when an estate has been declared insolvent, and the executor, on final settlement, has been found indebted to the estate, if the estate has not been fully administered, the probate court should order the amount thus found due the estate to be paid to the administrator *de bonis non.*

PEYTON, C. J. :

It appears that D. H. Dement, the acting executor of the last will and testament of William W. Hendricks, deceased, was removed from the administration, and John T. Heth appointed administrator *de bonis non,* with the will annexed, of the estate of the said decedent, by the probate court of Yazoo county.

That said Dement, upon the settlement of his final account with the said probate court, was found to be indebted to the estate in the sum of $6,053 ˙92, which the court decreed to be paid to the said Heth, and from this decree the said Dement brings the cause to this court for revision.

The main questions presented by this record for our consideration are the two following : 1st. Are the balances on the annual settlements of an executor or administrator open to objection on a settlement of the final account with the probate court ; 2d. Has the administrator *de bonis non* a right to the money found due the estate upon a final settlement of the account of the first administrator.

Annual or partial settlements of administrators' accounts are never made upon notice to the parties, creditors and distributees interested in the decedent's estate ; the order, therefore, entered in a proceeding of this character is neither final nor conclusive in regard to them ; it amounts only to *prima facie* evidence of the correctness of the account. Hence, upon a final settlement of an administration account, the creditors and distributees have a right to object to any previous settlement ; and upon exceptions filed, pointing out the errors, to have the whole account corrected, according to the truth and evidence. Effinger v. Richards, 35 Miss. 540. And this in strict accordance with the Rev. Code, 431, art. 33, which provides that, in proceedings for a final settlement, the court may allow any party interested to surcharge and falsify any annual or partial settlement of any executor, administrator or guardian.

With regard to the second question, as to the powers,

rights and duties of an administrator *de bonis non*, it seems to be well settled, at least in this state, that his commission extends only to the administration of the effects left unadministered. Kelsy v. Smith, 1 How. 68; Stublefield v. McCraven, 5 Smedes & Marsh. 130, and Byrd v. Holloway, ib. 323; and in the last-named case, it was held, that where an administrator has made a final settlement of his account, and thereby shown an indebtedness upon his part to the estate, the creditors or distributees may sue for this balance, but the administrator *de bonis non* cannot.

But it is insisted by counsel that this doctrine does not apply to a case of insolvency, for the reason that the *pro rata* shares of the creditors cannot be ascertained until the whole estate has been administered, and that, to enable the court to do this, it is necessary that the entire fund subject to distribution among the creditors should be in the hands of the last administrator. This reasoning would have force if it were true that no distribution could be made among the creditors until the estate was fully administered. But the law, after the claims are all registered and allowed or established, contemplates a distribution by the administrator of all money in his hands, among the respective creditors, in proportion to their respective demands, and that he shall thereafter continue to make such distribution as money may come into his hands from the estate, until the whole is distributed. Rev. Code, 450, art. 102.

The administrator *de bonis non* gives bond only in an amount sufficient to secure the faithful administration of the unadministered estate, and as far as the executor had progressed in the administration, the estate was already administered, and was therefore not covered by the bond of his successor in the administration. It will thus be seen that, if the funds in the hands of the executor were paid over to the administrator *de bonis non*, as required by the decree of the court below, the creditors would be without any security for the faithful distribution of the money,

which might be reduced in amount by unnecessary additional expenses and commissions.

To protect the interests of the creditors by a speedy distribution of the money in the hands of the executor, we have arrived at the conclusion that the court below should have ascertained the *pro rata* share of each creditor, of the sum of money found due the estate upon the final settlement of the executor, and, when ascertained, should have ordered him to distribute all money in his hands among the respective creditors, in proportion to their respective demands, in accordance with the provisions of the statute above referred to.

The decree of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.