WASHINGTON WEIR, EX'R ET AL., v. WM. J. MONAHAN, ET AL.

1. ESTATE OF DECEDENT.  *Necessity for administration.   Decree.   Collateral attack.*
   Even if it be essential to a valid grant of administration that the decedent had property subject to be administered (which the court does not decide), the order of the proper chancery court granting letters of administration, and reciting that the intestate had such property is an adjudication of the fact, and such finding cannot be attacked collaterally.

2. GRANT OF ADMINISTRATION.  *Appointment of administrator.   Informality.*
   Although the order upon a petition for administration does not formally and by apt words commit the estate to the person named therein, if it directs him to take out administration, and he proceeds to exercise administrative authority, which is recognized by the court in subsequent orders, the appointment of such administrator is sufficiently established, though no letters were issued.

3. SAME.  *County administrator.   Qualification and bond.   Letters.*
   The county administrator, being under an official bond and oath, is not required by law to execute a bond and qualify as administrator in each estate committed to him; and letters of administration, which are intended merely to authenticate the grant and to show qualification thereunder, need not in any case be issued to such officer.

4. ADMINISTRATOR IN DUAL CAPACITY.  *Character of account, how determined.*
   Where one is both administrator de bonis non of an estate, and administrator of the deceased administrator, and files an account purporting to be his final account in the latter capacity, but which in reality is the account of the former administrator with the estate, and is referred to as such

throughout the subsequent proceedings, a decree thereon will be valid which fixes liability upon the deceased administrator and his sureties for the amount shown by the account to be due by him to the estate.

5. ADMINISTRATOR DE BONIS NON. *Power to sue on bond of former administrator.* *Code* 1880, § 1998.

Under the act of April 11, 1873 (Acts 1873, p. 70), the administrator *de bonis non* could only bring suit upon the bond of the former administrator where the estate had been declared insolvent, but under the code of 1880, § 1998, this right exists where the estate is insolvent, and where such suit and recovery may be necessary for the payment of the debts of the estate.

6. RECOVERY ON BOND OF FORMER ADMINISTRATOR. *Distribution thereof.*

An administrator *de bonis non* entitled to bring suit upon the bond of the former administrator should have recovery for the full amount due by the latter, and so much thereof as remains after payment of the debts of the estate will be held for distribution.

7. SAME. *Right to sue, how terminated. Survival thereof to distributees.*

Where the right of the administrator *de bonis non* to sue upon the bond of a former administrator depends alone upon the necessity to recover the sum due to pay the debts of the estate, it will be lost if the debts due by the estate are paid or become barred; and the right thereupon survives to the distributees.

8. STATUTE OF LIMITATIONS. *Death before bar complete. Code* 1880, § 2683.

This section provides as follows : " If any person entitled to bring any of the personal actions hereinbefore mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the executor or administrator of the deceased person, after the expiration of said time, and within one year after the death of such person." *Held,* that this section applied where the deceased person died before the adoption of the code, if the death occurred within the last year of the period limited for bringing the suit, and the right has not been barred under former statutes ; and its effect in such case was that such action was not barred until the expiration of one year from the adoption of said code.

9. SAME. *Statute once begun continues. When rule not applicable.*

The rule that the statute of limitations, having once begun, runs uninterruptedly, notwithstanding the absence of a person competent to sue, does not apply where the statutory right of an administrator *de bonis non* to sue upon the bond of a former administrator terminates because there are no longer any debts of the estate to be paid. But, since there can

but one recovery on said bond, the time during which the statute ran against the administrator *de bonis non* will be computed against the distributees, as provided in § 2694 of the code of 1880.

10. SAME.    *Trustee barred, beneficiary barred.    Application of rule.    Code* 1880, § 2694.

This section of the code which provides under certain circumstances that when a guardian or other trustee is barred, the beneficiary shall be barred, applies only where the legal title or right of action at law or in equity is in the guardian or trustee, and a mere equitable right in the beneficiary; it does not therefore apply to the ordinary cases where the right is that of minors to be asserted by the guardian in their name.

FROM the chancery court of Adams county.

HON. W. R. TRIGG, Chancellor.

The facts are stated in the opinion.

*T. Otis Baker* and *Thos. J. Carson,* for appellant, Weir, executor,

Filed separate briefs, but discussing in the main the same questions, and making the following points :—

1. Even if it was too late for the administrator *de bonis non* to sue on the bond of the deceased administrator, it is still true that the heirs of Monahan could not maintain this suit if the account upon which it is based is not the final account of Doherty, or if there were one or more subsisting creditors of Monahan's estate, the heirs being entitled only to the surplus after payment of creditors.

2. Metcalfe did not present the account expressly as administrator of Doherty, but it is entitled, "An account with Owen Metcalfe administrator *de bonis non,*" and signed by him as "Administrator *de bonis non* Est. P. L. Monahan, Dec.," and in all the subsequent orders he is dealt with as such administrator *de bonis non.*    Nor was the account by intendment that of the administrator of Doherty, because Metcalfe never was in point of fact administrator of Doherty.    This being true, no act could be ascribed to him as having been performed in that capacity.    That he was never administrator of Doherty appears from the facts, (1) that no letters of administration were ever offered to him as such, and (2) an executor may perform many acts before he qualifies, yet a party can do nothing

as administrator until letters of administration are issued.   Toller on Executors, 95 ; 1 Lomax on Executors, 204 ; Schouler on Executors, § 119 ; Williams on Executors, 452.

The issuance of letters is as essential in the case of the county administrator as of other persons.   Schouler on Executors, § 119. And to this effect is the code of 1871, § 1092.

The terms "grant letters" and "grant administration" are used interchangeably in our statutes, and mean not merely to make an appointment, but to issue letters.   See code 1871, §§ 1088, 1089, 1109, 1112, and 1113.   Section 1120 of said code provides that letters of administration *de bonis non* shall be granted, etc. etc., and the letters, bond and oath shall be in the common form.   How can letters have common form if there be no letters at all ? 'Again, letters of administration are required to be recorded.   See Acts 1873 (called session) p. 31 ; Code 1880, § 1822.   Surely they could not be recorded if not issued, and he could not be required to record what is not required to be issued.   Foreign administrators are required to file their letters and bond.   Thus all the statutes on this subject contemplate the issuance of letters of administration.   In this case the order of the court merely *directed* the administrator to take out letters.   He never appeared or applied, and letters were never issued.

3. Not only were there no such letters issued, but none could with propriety have been issued, as it is admitted that his estate was insolvent, and he owned no property liable to execution at the time of his death.   Code of 1871, § 1092 ; Code of 1880, § 2004. This explains perhaps why no steps were ever taken in the premises, as it was discovered that no estate existed subject to administration.

The court itself never regarded or dealt with Metcalfe as administrator of Doherty.   It did not issue him letters or warrant of appraisement, never cited him to file an inventory, or otherwise held him amenable as such administrator ; nor do any of its records or files mention him as administrator of Doherty, except the joint docketing of the suggestion of a creditor that the county administrator be directed to take out letters *de bonis non* on the estate of

Monahan, and of administration on Doherty's estate. Not only was Metcalfe never administrator of Doherty, but the exigencies of the Monahan estate, and the interest of creditors and heirs of Monahan did not require administration of Doherty's estate. The sundry creditors of Monahan, whose claims were subsisting at the time of Doherty's death, had a right to sue the sureties on Doherty's bond without the necessity of previous administration on Doherty's estate, if he left any. As to the remedies at law, see, *Thornton* v. *Glover*, 25 Miss. 132; *Randolph* v. *Singleton*, 12 S. & M. 439. As to remedies in equity, *Bank* v. *Duncan*, 52 Miss. 748; *Buie* v. *Pollock*, 55 Ib. 309; *Whitfield* v. *Evans*, 56 Ib. 488. After the adoption of the code of 1880, the administrator *de bonis non* could have sued on Doherty's bond, because the Monahan estate was insolvent, and such suit and recovery was necessary for the payment of debts. Code of 1880, § 1998.

Metcalfe not only did not file the account expressly or by intendment as administrator of Doherty, but expressly filed it as administrator *de bonis non* of Monahan. The order of the court directing Metcalfe to take out letters of administration, even if regarded as a grant of letters, was not final and conclusive on these appellants. *Jochumsen* v. *Bank*, 3 Allen 87, and cases cited; *Griffith* v. *Frazier*, 8 Cranch 9.

The court was without jurisdiction to grant letters to Metcalfe as administrator on the estate of Doherty, as that power exists only where the decedent "has left real or personal property in such county." Code of 1871, § 1092. The order is therefore a nullity.

The claims of Dodge, Cammeyer & Co. and of Jane G. Kenney were valid and subsisting at the time of the death of Doherty, which occurred in 1875, and these creditors had the right to revive against his successor. Code of 1871, § 1182. This right was subsisting at the time of the adoption of the code of 1880. As judgments are not barred until after the lapse of seven years, these claims having been registered, the statute of limitations as to them was suspended altogether by the code of 1880, § 2062, and they were still alive at the time this bill was filed. For another reason the judgment of Jane R. Kenney was not barred at the time this

suit was filed.   She died in May, 1880 ; there has been no ádmin-
istration upon her estate, and the bar could not attach until one
year after the date of letters of administration, which have not yet
been taken out.   Code 1871, § 2162 ; *Clayton* v. *Merritt*, 52 Miss.
353.   The right was not restricted by § 2683, code 1880, which
established a different rule in lieu of § 2162, code 1871.   To hold
otherwise, would be to give a retroactive effect to § 2683, code 1880,
which the court in *Hambrick* v. *Jones*, 64 Miss. 240, declined
to do.

There being existing debts of the estate of Monahan in force
when this bill was filed, the right to sue, if it existed at all, was in
the administrator *de bonis non*, and not in these complainants ;
therefore, the bill of complaint should have been dismissed.

*Reed & Reed* and *Martin & Lanneau*, for appellant, Doretha
Zock, administratrix.  ·

In addition to the arguments and briefs of our associates, we
ask the court to consider the following points :

Under § 2676, code 1880, it was necessary to bring the suit, as
against this appellant, within four years from the grant of adminis-
tration to her, as the breach of the bond, if any there was, occurred
during the lifetime of Wm. Zock, her intestate.

Under our law the guardian has control and management, and
of course the legal possession of all the property of the minor
ward.   It is his duty to collect and recover all claims and property
of the infant.   The legal right of action is in the guardian (or
other trustee) to recover the amount due the ward.   Whenever a
guardian is barred the minor ward is also barred.   Code 1880,
§ 2694.   The case of *Grimsby* v. *Hudnell*, 76 Ga. 378, relied on to
sustain a contrary doctrine, is not an authority here, as, from the
failure to cite any statute similar to ours, we assume no such statute
exists.  ·

It was the duty of the guardian to use all reasonable means to
get possession and control of his ward's personalty and collect the
debts due him.   3 Waits A. & D. 549 ; and in the absence of col-
lusion by the guardian when he is barred, his ward is barred.
Ib. 561.

*R. E. Conner* and *Claude Pintard*, for appellees.

1. The order for the appointment of Metcalfe, the county administrator, as administrator of Doherty was tantamount to a granting of letters, and was sufficient to protect the acts of the administrator from the ban of nullity. Letters usually accompany the grant, but there is no peculiar sanctity in the letters themselves. If issued without the order of the court, they will not authorize action under them. *Roderigas* v. *Savings Institution*, 32 Am. Rep. 309.

The issuance of letters is purely ministerial. It is true the statute forbids a party acting as administrator without the grant of letters, and provides, in case of the appointment of the county administrator in certain cases, that he shall before he performs the duties, and before letters are granted to him, execute bond, etc. Yet this does not prescribe that his acts shall be deemed void unless the clerk actually issues the letters to him. If he undertook to bring a suit upon such an order, without the letters, he might be arrested by a demurrer or plea, but if so, it does not follow that the acts of such party, performed in good faith, will be held void, and decrees based upon these acts nullities.

Metcalfe, as the county administrator, was a public officer, already under official oath and qualification, and it was not necessary for this reason that letters should be granted to authenticate his appointment. See *Russell* v. *Irvine*, 41 Ala.; 15 Tex. 533.

It does not matter that subsequent to the order appointing Metcalfe administrator of Doherty it was discovered that the latter left no estate. The adjudication of the court was conclusive on this point, and no such mistake can have the effect of rendering the order of appointment void, or the subsequent proceedings based on Metcalfe's acts of no effect. The case of *Sandifer* v. *McKay*, cited for appellants, has no application. That case decided that a county administrator was not empowered merely by virtue of his position to administer, but there must be some specific grant of authority; but in that case there was no order under which he acted.

In any view, Metcalfe's actions should be upheld as those of a *de facto* officer, acting under color of appointment or under a defective appointment. 9 American Rep. 409.

The law presumes that he intended to discharge his duty both as a public officer and as administrator *de bonis non* of Monahan. One of his duties in the former capacity was to render Doherty's final account of his administration of Monahan's estate. That was the main object of his appointment, as is admitted. His imperfect description of his legal status and the thoughtlessness or ignorance of counsel in drafting orders cannot affect that which he legally did, or render the decree of the court void, which was based on this account. The account was the one which he, as Doherty's administrator, was bound to render. The necessary process to heirs on such an account was issued. The account was referred to a master, and, as restated by him, was allowed as the final account of Doherty as administrator of Monahan's estate. The fact that he styled himself administrator *de bonis non* does not make the account void.

2. These complainants, as the heirs of Monahan, had the right to bring this action, inasmuch as all the debts of the estate were barred, and there was no right of action existing in the administrator *de bonis non*. The only question as to whether the debts were barred or not arises in reference to Mrs. Kenney's judgment. She died in May, 1880, and her judgment was not barred at the time of her death, having been rendered in 1874. By section 2162 of the code of 1871, the right to commence a new and original action—that is, the right to sue in debt on the bond, was suspended from the time of her death until the qualification of some one who could sue for her, and one year after. The statute thus suspended, at her death in 1880, remained suspended until the adoption of the new code, November 1, 1890, when Metcalfe, administrator *de bonis non*, was clothed with the new and additional power to sue on the bond for the benefit of Mrs. Kenney and other creditors of the Monahan estate. The running of the statute was then renewed, and of course the bar attached long before the institution of our suit. At the time of the enactment of the code, the only person to sue or be sued in its contemplation was the executor or administrator of the dead creditor or debtor, but then we find provision

made for another person authorized to bring suit in certain cases for the deceased creditors. It would clearly conflict with the principles of the statute to permit the continued suspension of the statute when there is a person in existence who is authorized to sue. The statute should be read as suspending the statute of limitations " between the death and the qualification of an administrator." The code of 1871 alone will govern in this matter, regardless of the provisions of the code of 1880. Between the death and the adoption of the latter code there was no one to sue, but as the administrator *de bonis non* had the right to sue, beginning with November 1, 1880, the bar had attached before this bill was filed, and there being no debts enforceable against the estate of Monahan, these complainants, as distributees thereof, had the right to bring this suit upon the bond of Doherty, the administrator.

COOPER, J., delivered the opinion of the court.

The complainants, distributees of the estate of P. L. Monahan, exhibited this bill in the chancery court of Adams county on October 20, 1886, against the representatives of the sureties upon the administration bond of one H. C. Doherty, who was administrator of their deceased father, P. L. Monahan.

The bill avers that all the complainants are infants and sue by their guardian and next friend, except W. J. Monahan, who arrived at majority less than one year before the commencement of this suit ; that their father died in October, 1871, in the county of Adams, possessed of a small personal estate, and on December 4, 1871, administration thereof was by the chancery court of Adams county committed to H. C. Doherty, who qualified and entered into bond conditioned according to law, with Levi Fields (the testator of the defendant Weir) and William Zock (the intestate of the defendant Doretha Zock) as sureties ; that Doherty wasted the estate of his intestate, and without having made any final settlement thereof with said court died in September, A. D. 1874, intestate and insolvent ; that on September 30, 1876, Owen Metcalfe, county administrator of Adams county, was by the proper court appointed administrator of the said H. C. Doherty, and adminis-

trator *de bonis non* of the estate of said P. L. Monahan; that on
March 27, 1877, said Metcalfe filed the final account of H. C. Do-
herty, deceased, as administrator of the estate of Monahan, "which
said account, though made out as the account of said Metcalfe as
administrator *de bonis non* of the estate of said Monahan, was, as
shown by the orders and decrees of the court, to be the final ac-
count of said H. C. Doherty with said estate," and that said account,
having been excepted to, was restated by a commissioner of the
court, and as restated showed a balance due said estate by said Do-
herty of $3427.29; that said restated account was by proper decree
of date May 10, 1879, allowed, confirmed and ordered to be re-
corded; that no part of the sum so found due has ever'been paid
by the representatives of said Doherty, and that all debts and de-
mands against the estate of P. L. Monahan have been paid or are
barred by the statute of limitations; that Levi Fields, one of the
sureties upon the administration bond of said Doherty, died on the
11th of December, A. D. 1884, testate, and his will was duly ad-
mitted to probate in the proper court on the 15th day of said month
and letters testamentary granted to the defendant Washington Weir,
and that administration of said estate is yet pending; that William
Zock, the other surety upon said administration bond of said Do-
herty, died intestate in July, 1876, and administration of his estate
was on August 7, 1876, committed to the defendant Doretha Zock,
and that said administration is still open and pending.

The prayer of the bill is for a personal decree against said Weir,
executor, and said Zock, administrator, for the sum found to be
due by the deceased administrator Doherty upon his final account.

The defendant's answer admitted the death of Monahan, the ap-
pointment of Doherty as his administrator, the right of the com-
plainants as distributees, the death of Doherty, and that complain-
ants are minors, except W. J. Monahan, whose age is admitted to
be less than twenty-two years. They deny that the debts against
the estate are all paid or barred by limitations. Touching the
debts they say that the following judgments were recovered by.
creditors against said Doherty, administrator: One in favor of
Henry Kern, of date January 14, 1874; one in favor of Jane G.

Kenny, January 15, 1874; and one in favor of Dodge, Cammeyer & Co., April 23, 1875, none of which have been paid. They aver that Mrs. Kenny died May 4, 1880, intestate, and that no letters of administration have been granted of her estate. They deny that Metcalfe was ever appointed administrator of the estate of Doherty, the deceased administrator, or that he ever filed the final account of Doherty as administrator of Monahan. If, however, he was ever so appointed and filed said account, and if a decree was rendered thereon, then they aver that said Metcalfe was also at the same time appointed administrator *de bonis non* of the estate of Monahan, and as such administrator *de bonis non* had and still has the exclusive right to sue upon the administration bond of said Doherty; but if it shall appear that the right of the administrator *de bonis non* has become barred by limitation, then they insist that the complainants are also barred. The defendants also contend that Hanley, the guardian of the complainants other than William J., was also the guardian of all of them until the said William reached majority; that said guardian might have sued upon the administration bond, and that he is barred by limitation, wherefore also the complainants are barred. The foregoing defenses are common to the two defendants. In addition to these, the defendant, Doretha Zock, pleads that administration upon the estate of her intestate was granted on the 7th day of August, 1876, and that suit was not brought against her within four years of the rendition of the final account of Doherty, administrator of Monahan, nor within four years from the adoption of the code of 1880, and she pleads the bar of the four years' statute of limitations.

An agreed statement of facts appears in the record, from which it is shown:—

1. That all claims against the estate of Monahan were registered according to law.

2. That the judgments described in the answer were rendered, and Mrs. Kenny, one of the judgment creditors, died May 4, 1880, and no administration has been granted on her estate, and that none of said judgments have been paid.

3. That Metcalfe never qualified as administrator of Doherty,

nor were letters of administration issued to him, and that he never performed any acts as such administrator, unless a certain account filed by him of date March 27, 1877 (to be hereinafter more fully described), was the final account of Doherty as administrator of Monahan, filed by said Metcalfe as Doherty's administrator.

4. That said Metcalfe is yet alive and has never resigned his office of administrator *de bonis non* of the estate of P. L. Monahan.

5. That said Metcalfe has never proceeded to final settlement of the estate of Monahan, nor has he ever paid any of the creditors of said estate any part of their claims.

6. That the estate of Monahan was never declared insolvent, but that it was at the time of the administration *de bonis non* actually insolvent, and ever since has been, and is now insolvent.

7. That some of the credits asked by Metcalfe in the account filed by him were disallowed on technical grounds, having been originally just and true claims against the estate.

8. That Doherty at his death was insolvent, and had no property liable to execution.

9. That Metcalfe never received any assets of the estate of Monahan or of Doherty.

10. That Doherty, upon his appointment, gave notice to creditors to present their claims.

11. That the distributees have never received any part of the estate of Monahan.

Complainants offered in evidence, in addition to the agreed state of facts, the following records from the chancery court of Adams county :

1. The petition, bond and qualification of Doherty, administrator of Monahan.

2. An annual account of said administrator, to which exceptions were interposed by the guardian of the complainants, and which, though restated, was never passed upon by the court.

3. A suggestion made to the chancery court in the administration of the estate of Monahan, by *an attorney of the court* who represented himself to be attorney for "*a creditor*," of the death of Doherty, the administrator, and applied to the court to direct Met-

calfe, county administrator, "to take out letters of administration *de bonis non* of the estate of Monahan, and render the final account which Doherty failed to render, and also letters of administration on the estate of said H. C. Doherty."

4. A decree of the court made on this petition by which the court decreed that, "Owen Metcalfe, county administrator of the county of Adams, be and he is hereby *directed* to take out letters of administration on the estate of Henry C. Doherty, late of said county of Adams, and late administrator of the estate of P. L. Monahan, deceased, and that said county administrator do also take out letters of administration *de bonis non* on said estate of P. L. Monahan, deceased, it appearing to the court that more than six months have elapsed since the death of said Doherty intestate, with letters of administration having been taken out upon the estate of said Doherty, although Doherty died possessed of property in this county."

5. A final account of the estate of Monahan filed by Metcalfe on the 27th of March, 1877, and consisting of the debits and credits charged and asked by Doherty on the restated annual account filed by him. This account filed by Metcalfe purported to be his final account as administrator *de bonis non* of the estate of Doherty.

6. Exceptions of certain creditors filed to the above account in which it is referred to as the "final account of Henry C. Doherty, administrator of said estate, as stated by Owen Metcalfe, administrator *de bonis non* of said estate of P. L. Monahan."

7. Motion to refer said account and exceptions to a commissioner; order of reference to commissioner; report of commissioner and motion to confirm same; in all of which the account is spoken of as the final account of the administrator *de bonis non*.

8. Final decree on said account in which the same is referred to as the "final account of Owen Metcalfe, county administrator and administrator *de bonis non* of said estate, of the administration of the goods and chattels of said estate of said Monahan, deceased, by H. C. Doherty, deceased, late administrator," etc. After referring to the exceptions that had been taken to the account as filed, and the report of the commissioner thereon, the decree proceeds to state that the account showed a balance of $3427.29 due by Henry C. Doherty,

the former administrator, and that the distributees of the estate have been cited to appear and contest said account and had filed no exceptions thereto, etc., wherefore it was " considered by the court and so ordered and decreed that said report of the said master be, and the same is hereby ratified and confirmed, and that said restated final account of the said administration of said estate by said administrator, Henry C. Doherty (now deceased), as returned into court by said master, showing said balance of $3427.29 due by said Doherty as such administrator to said estate, be and the same is hereby allowed, confirmed and ordered to be recorded." The date of this decree is May 10, 1879.

9. An order of court of the same date as above decree, directing Owen Metcalfe, administrator *de bonis non* of the estate of Monahan, to put in suit the bond of Doherty, former administrator, to recover the balance shown to be due by him as per said decree.

The defenses interposed by the two defendants which are common to both, are : 1. That there has been no final decree against the administrator Doherty, or his administrator, wherefore the complainants who are distributees may not sue on the bond.

2. That if there is a final decree, the right of action on the bond is in Metcalfe, administrator *de bonis non*.

3. That if there is a final decree and a right of action existed thereon, it was in Metcalfe, administrator *de bonis non,* but has become barred by limitation, and that Metcalfe being barred the complainants who were beneficially interested therein are also barred.

4. That the right of action on the bond was in the guardian of complainants, and that he is barred, and because he is, so also are the complainants.

Mrs. Zock, administratrix of one of the sureties, sets up the bar of the statute of limitations, which forbids any suit against an executor or administrator after four years from the grant of letters testamentary or of administration.

We will consider these defenses in the order in which they are stated. The objection that there has been no final decree against the administrator, Doherty, or his administrator, rests upon the

assumption that no valid appointment was made of Metcalfe as administrator of Doherty, or if there was such an appointment, that the account rendered by him was the account of himself as administrator *de bonis non* and not the final account of Doherty, administrator. The first objection taken is that the court was without power to appoint an administrator of Doherty, because it is now admitted that Doherty left no estate for administration. It is sufficient to say in answer to this, that it is not competent to aver or prove this fact in this collateral proceeding. The chancery court of Adams county, with full jurisdiction over the subject, upon the hearing of the petition for administration, found as a fact that the decedent did have property subject to administration. We are not to be understood as deciding that the non-existence of property subject to administration would preclude the grant of administration for the sole purpose of securing a final settlement of the previous administration of Monahan's estate; we only decide that if it was essential to the exercise of its jurisdiction that the decedent should have died the owner of property subject to administration, the decree having found that fact is not subject to collateral attack.

The evident purpose of the petition and the decree thereon was to constitute Metcalfe administrator of the estate of Doherty. It is true the decree *directs* him to take out administration, instead of formally and by apt words committing the administration to his hands. But it sufficiently shows the exercise of judicial power and an award of administrative authority, which authority was exercised by the appointee and recognized by the court in its subsequent orders. The objection that no formal letters were issued is without merit. The appointee was the county administrator, and his official bond and oath of office as such protected and applied to each administration committed to him. In cases of grants of administration to private individuals they are required by law to execute bonds and take the oaths of office before entering upon the discharge of their duties, and letters are granted both to authenticate the grant and to show that the person appointed has qualified according to law. In these instances the grant is conditional that the person appointed shall qualify according to law as a condition

precedent to executing the powers of the office. But where the qualification precedes the order of the court, the letters would be but certification of the authority given by the order.

In *Elden, Adm'r,* v. *Keddell,* 8 East, 187, the fiat of the surrogate was as follows : " Elden, Edwd., on the 18th day of April, 1791, power was granted to Elizabeth Elden, the lawful widow and relict of Edward Elden, late of the parish of Chalk, in the county of Kent, victualler, deceased, to administer the goods, chattels, and credits of said deceased, she having been first sworn duly to administer, till the last day of July to exhibit an inventory. Same day bond from Elizabeth Elden, widow, Matthew Dawson and John Clay under 100 pounds."

In a suit, no letters having been produced or proved, a verdict was directed against the party relying upon the grant of administration. On appeal Lord Ellenborough said that " it could not be questioned but that the original book of the acts of the court, which was the authority for the proper officer afterwards to make out the letters of administration, was proper evidence of · the title of the widow ; for the letters of administration were only the copy of the original minutes of the court drawn up in a more formal manner."

In *Davis* v. *Williams, Adm'x,* 13 East, 232, the following order from the minutes of the registry of the prerogative court was held to show a grant of administration : "Administration of the goods, chattels, and credits of Sir Edward Williams, Bart., late of Langford Castle, in the county of Brecon, and of Clifton, in the county of Gloucester, deceased, was granted to Dame Elizabeth Williams, widow, the relict of the said deceased, having been first sworn by commission duly to administer." To the same effect. are *Hosey, Adm'r,* v. *Brasher,* 8 Porter (Ala.), 561 ; *Thompson* v. *Bondurant,* 15 Ala. 346 ; *Becket* v. *Selover,* 7 Cal. 228.

The account filed by Metcalfe was the account proper to be filed by him as administrator of Doherty, and not as administrator *de bonis non* of Monahan. Metcalfe by the same decree was appointed administrator of both estates. It is manifest from the record that neither he nor the counsel at whose instance he was appointed had any clear views in reference to the final account of the deceased

67 MISS.—29

administrator. Throughout the whole proceeding the final account is referred to as the final account of Doherty, the deceased administrator, exhibited by Metcalfe, administrator *de bonis non* of Monahan. But since Metcalfe was the incumbent of both offices and the account was in its very nature the final account of the deceased administrator, and was acted on and passed as such, the addition of the words *de bonis non* should be disregarded as surplusage. We are therefore of opinion that there was a valid final decree fixing the liability of the deceased administrator, Doherty, upon which suit might have been instituted against the sureties on his official bond.

The next inquiry is when and for how long this right of action was vested in Metcalfe as administrator *de bonis non* of Monahan, and whether *the particular right of action held by him* has become barred by limitation. The final decree was rendered May 10, 1879. Prior to the act of 1873 (Acts of 1873, page 70), it was settled in this state that there was no right in the administrator *de bonis non* to recover from a former administrator an indebtedness shown by his final account to be due to the estate, the right of the administrator *de bonis non* extending only to the unadministered assets. *Kelsey* v. *Smith*, 1 How, 68; *Stubblefield* v. *McCraven*, 5 S. & M. 130; *Byrd* v. *Holloway*, Ib. 323; *Dement* v. *Heath*, 45 Miss. 388.

By the act of 1873 a right of action was given to the administrator *de bonis non* to institute suit upon the bond of the former administrator " *in all cases where the estate may have been declared insolvent.*" Under this act there was no right of action in the administrator *de bonis non* to sue upon the bond of Doherty, the former administrator, for the estate of Monahan was never declared insolvent. By the code of 1880 the right of the administrator *de bonis non* to sue on the bond of the former administrator was somewhat extended; by § 1998 of the code it is declared that " he may sue on the bond of any former administrator or executor of the estate *where it is insolvent, or where such suit and recovery may be necessary for the payment of the debts of such estate.*"

The agreed facts show that, while the estate of Monahan was never declared insolvent, it was yet necessary that suit should be

brought upon the bond of the former administrator, in order that the debts due by the estate might be paid. By reason of this necessity, there was on the first day of November, 1880 (the day when the code went into operation), a right of action against the bond of the former administrator vested in the administrator *de bonis non;* but this right was limited by the necessity from which it sprung, the need of the funds for the payment of debts. Since there could be but one recovery on the bond, the administrator *de bonis non* entitled to sue, would, of course, recover the full sum due by the former administrator, and so much of it as might remain after payment of debts would remain in his hands for distribution. But he was not authorized to sue where there was no necessity to use the recovery for the payment of debts; he might not recover for distribution only. In such case the right of action was not given to him, and, as before, remained in the distributees.

Another change was wrought by the code of 1880, which it is important here to note. Prior to that code, where the distributees were under the disability of infancy, no statute of limitations ran against them, even though the administrator in whom the right of action was vested might be barred.

But, by § 2694 of the code, it was declared that " when the legal title to property, or a right in action is in an executor, administrator, guardian, or other trustee, the time during which any statute of limitations runs against such trustee shall be computed against the person beneficially interested in such property or right in action, although such person may be under disability, and within the saving of any statute of limitations; and may be availed of in any suit or action by such person." Upon the accrual of the right to sue on the bond to Metcalfe, administrator *de bonis non*, the statute of limitations began to run against him, and under the provisions of § 2694 the time which ran against him may be computed against the complainants in this action, and if he was barred by limitation, so are they.

To bar the plaintiffs, however, under this statute, Metcalfe must either be barred *by limitation*, or the time which ran against him,

computed against them and added to the time which has run against them, or against their guardian having "a legal title or right of action in himself," must be sufficient to bar their right.

Was Metcalfe barred by limitation? His right to sue accrued on the first day of Novenber, 1880, and on that day the statute began to run. But the right of Metcalfe to sue sprung under the law, from the necessity to recover the debt due by the former administrator *for the payment of debts due by the estate of Monahan*. If before this right to sue was barred by limitation, it was lost by the changed condition of the estate of Monahan, so that the recovery was no longer needed for the payment of debts, the right of the distributees instantly arose; the termination of Metcalfe's right to sue by this changed condition would give birth to complainant's right to sue, instead of destroying it, whereas if Metcalfe's right to sue was lost by the bar of the statute of limitations their right would die with his.

But Metcalfe's right of action had not been lost *by limitation* when this suit was brought. The statute began to run against him November 1, 1880, and this bill was exhibited October 20, 1886. If, therefore, Metcalfe's right of action was not lost by reason of the changed condition of the estate of Monahan, the complainants must fail, not because they are barred by the running of the statute of limitations against Metcalfe, but because the right to sue was in him and not in them when the bill was filed. Since Metcalfe's right to sue depends upon the necessity to recover the balance due by the former administrator for the payment of debts due by the estate of Monahan, it ended when the debts due by the estate were paid or barred by limitation.

Of the claims against the estate of Monahan no plausible argument can be made or has been attempted to show them not to be barred by limitations, save only the debt to Jane G. Kenney, deceased. The judgment of Dodge, Cammeyer & Co. was certainly barred on April 23, 1882, seven years after its rendition. They were creditors and under no obligation to await the final account of the delinquent administrator.

We will therefore only examine the claim of Mrs. Kenney.

Her judgment was rendered January 15, 1874, and she died May 20, 1880, and therefore within the last year of the time limited by law for suit upon the judgment. Under the code of 1871, which was in operation at her death, her right of action would have been preserved until one year after the grant of letters of administration upon her estate. Code of 1871, § 2162. And no administration having yet been granted, her right is barred, if at all, by the code of 1880.

By that code, § 2683, it is declared that, "If any person, entitled to bring any of the personal actions hereinbefore mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the . . . executor or administrator of the deceased person, after the expiration of said time, and within one year after the death of such person." The question is whether this section applies where the deceased person has died before the adoption of the code, and within the last year limited for the bringing of the suit.

In *Hambrick* v. *Jones*, 64 Miss. 240, we held that § 2683 of the code of 1880 applied only to cases in which the death of the person occurs within the last year of the time limited, and, because in that case, the death had not occurred within the last year, that the right of action was not barred by that section. We left it there an open question whether it would apply to a case where, as here, the death did occur in the last year of the time limited, and before the adoption of the code. The question is now presented, and we hold that this section of the code does apply in such cases. Sections 2162 of the code of 1871 and 2683 of the code of 1880 both add to the time in which an action may be brought an additional year in which the representative may sue if the person entitled dies before the bar of the statute attaches.

Under the code of 1871 this time was indefinite, in that it was fixed by the uncertain act of taking out letters testamentary or of administration, while by the code of 1880 the extension runs from a time fixed by a certain event, the death of the person. We accept the code of 1880 as expressive of the legislative will, that the indefinite and uncertain extension should no longer prevail, but

that the personal representative of the deceased person shall sue or be sued within one year of the death of the decedent, provided such time elapses after the adoption of the code. The statute ought not, we think, to be applied so as to run retroactively, but we fail to perceive why it may not by reason of a past event, the death of the party, have prospective operation.

Mrs. Kenney's right of action against the estate of Monahan was barred on November 1, 1881; Dodge, Cammeyer & Co. were barred April 23, 1882, and thereafter there was no right in the administrator *de bonis non* to sue upon the bonds of the former administrator, for there was after that time no debts of the estate to be paid, and consequently no necessity to recover on the bond for the payment of debts.

This disposes of the questions presented on the record by the appellants jointly, save one as to the failure of the court to refer the cause to a commissioner to hear evidence and restate the account (to which we will hereafter revert), and leaves for consideration the defense interposed by Mrs. Zock, administratrix of one of the sureties. Her contention is, that the complainants cannot recover against the estate of her intestate, because suit was not brought within four years from the grant of administration to her. The complainants, being infants, are not barred unless it be by reason of the neglect of the administrator *de bonis non*, or of their guardian, Hanley, to sue.

We have seen the right of the administrator *de bonis non*, arose on November 1, 1880, and expired April 23, 1882. There was, therefore, one year, five months and twenty-three days which ran against him, and which, under § 2694 of the code, is to be computed against complainants. This is not a case in which the statute, once having commenced to run, runs uninterruptedly notwithstanding the absence of a person competent to sue. The right of the administrator *de bonis non* sprang from the statute and was limited by it. It expired because of the changed condition of the estate and no longer exists. It was not the same right which complainants have as distributees, but was conferred upon the administrator for the benefit of another class, creditors of the estate, but because, there

can be but one recovery on the bond, it must be held under the law that the time which ran against the administrator *de bonis non* is to be computed against the right of complainants. The time which ran against the administrator is not sufficient to bar complainants, unless it be true that by reason of the guardianship of Hanley he succeeded to the right of action, within the meaning of § 2694 of the code.

We are of opinion that this section is only applicable where the *legal title* to property or the right of action at law or in equity is in the guardian, and not in the infants. In this case the guardian had no right to sue in himself; the right was that of the infants to be asserted by him in their name. " The distinction is this: when the legal title to property is vested in a trustee who can sue for it, and fails to do so within the time prescribed by law, and his right of action is barred, the infant *cestui que trust*, who has only an equitable interest in the property is also barred; but when the legal title to the property is in infants or cast upon them by operation of law, then the statute does not run against them during their infancy." Wranger, C. J., in *Wingfield* v. *Virgin*, 51 Ga. 139. See, also, *Grimsby* v. *Hudnall*, 76 Ib. 378 ; *Bull* v. *Dagenhard*, 55 Miss. 602.

The final account of the administrator was *prima facie* evidence against his sureties, and in the absence of any evidence by them entitled complainants to a decree. No suggestion was made by the defendants that they could show anything tending to reduce the amount of the decree. The final report of the commissioner shows that there is due complainants something over five thousand dollars, but since the penalty of the bond was only four thousand dollars, they secured a decree for only that sum ; nothing is shown from which we can infer that an accounting would reduce their claim below this sum.

*The decree is affirmed.*