DAVIS ET AL. *v.* STATE TO USE OF KINGSBURY ET AL.

[79 South. 764, Division B.]

1. EXECUTORS AND ADMINISTRATORS. *Action on administrator's bond. Necessity of administrator de bonis non.*

   Where an estate has been fully administered upon, and nothing remained to be done except the paying over of moneys, in accordance with the specific directions of the final decree and the administrator has failed to comply with these directions of the court and was in default, his bond was properly put in suit.

2. SAME.

   In such case the distributees can file and prosecute such suit for themselves and there is no need for the appointment of an administrator *de bonis non* to bring such suit, notwithstanding Code 1906, sections 2031-2032 (Hemingway's Code, sections 1696-1697).

3. SAME.

   In such case there is no objection to the prosecution of such a suit against the sureties on the bond alone, especially where the administrator has not only defaulted but has absconded and personal process cannot be served upon him; since section 2683, Code 1906 (Hemingway's Code, section 2170), expressly authorizes the filing of such suit against one or more of the sureties.

APPEAL from the chancery court of Jackson county.
HON. WM. DENNY, JR., Chancellor.

Action by the state, for the use of Ella M. Kingsbury, et al., against E. S. Davis and others. From a judgment for plaintiff, defendants appeal.

The facts are fully stated in the opinion of the court.

*E. E. Williams* and *G. E. Lyell*, for appellant.

The suit was against the *two sureties alone,* and the administrator was not made a party to the suit by said distributees.

577

118 Miss.—37.

The failure of the appellees, the distributees, to make the administrator of the estate of said Hopkins a party to their suit against the two said bondsmen, these two appellants, was complained of below by demurrer and by plea in the answer of the appellants, and the failure of the court to sustain said demurrer and the disregard of said plea and non-joinder of a necessary party, the administrator, one F. M. Dick, is assigned as error.

Appellants contend that the said administrator was a necessary party in a suit by distributees of an estate wherein they, appellants, were the two sureties of said administrator. The said two bondsmen alone were sued, and the court proceeded to final decree in favor of the distributees against the two sureties. The propriety of this action of the court is the only question involved in this appeal.

The excuse offered in the bill of complaint for not making the administrator a party was that his whereabouts were unknown and that he had not complied with an order of distribution made by the court in the estate proceedings, and that after being cited to show cause why he should not be removed as administrator, he was ordered removed as such administrator.

We contend that an administrator *de bonis non* should have been appointed and have brought the suit against the sureties and the former administrator. P. 2031, Code of 1906; P. 2032, Code of 1906; *Weir* v. *Monahan,* 7 So. 291, 67 Miss. 434. That the administrator was a necessary party, see *Porter's Heirs* v. *Porter,* 7 How 106, 111; *Dobbins* v. *Halfacre,* 52 Miss. 561.

The clerk was appointed a master to state an account. That account was approved by the court. The decree follows the report and decrees recovered by appellees of their distributive shares of the estate, with interest,

and also large sums to two of them as creditors. The report shows that there were several other large creditors.

We respectfully submit that the decree of the lower court should be reversed.

*White & Ford,* for appellee.

An inspection of the records in this cause will show that one of the questions assigned for error by appellants in this court was not raised in the court below, namely, the question of whether an administrator *de bonis non* should have been appointed. The only question raised in the lower court was whether the administrator was a necessary party to this suit. Counsel for appellants in his brief nevertheless presents some argument to show that only an administrator *de bonis non* could bring this suit. In support of that contention he cites sections 2031 and 2032, Code of 1906, as well as the case of *Weir* v. *Monahan,* reported in 7 So. 291. Neither that case nor the Code sections cited support this position, we submit, but on the contrary show that an administrator *de bonis non* could not bring this suit.

Section 2031 of the Code did not authorize the appointment of an administrator *de bonis non* in the case presented by this record.

The case presented by this record does not fall within the purview of the statute. Here it was alleged and proven that the administrator did complete the administration, file his final account, which was approved by the court, and he was merely in default as to settlement with the distributees, appellees here.

The next section 2032 gives the rights and powers of an administrator *de bonis non*. It will be observed that this section is the same as Section 1857, Code of 1892, and section 1998, Code 1880. Under this sec-

tion the administrator *de bonis non* can sue on the
bond of former administrator only in the ·following
cases: First, where the estate is insolvent, second,
where suit and recovery may be necessary for the pay-
ment of the debts of the estate.

The case presented by this record does not fall with-
in either of those two categories. Here the estate was
neither insolvent nor was money necessary for the pay-
ment of debts. This section, therefore, had no appli-
cation of this state of the case.

Referring now to the case of *Weir* v. *Monahan,* 7
So. 295, we call the court's attention especially to the
following language in the opinion of the court appear-
ing at pages 294-295: "The final decree was rendered
May 10, 1879. Prior to the Act of 1873 (Acts 1873,
p. 70). it was settled in this state there was no right
in the administrator *de bonis non* to recover from a
former administrator an indebtedness shown by his
final account to be due to the estate, the right of the
administrator *de bonis non* extending only to the un-
arministered assets. *Kelsey* v. *Smith,* 1 How. (Miss.)
68; *Stubblefield* v. *McRaven,* 5 Smedes & M. 130;
*Byrd* v. *Holloway,* 6 Smedes & M. 323; *Dement* v.
*Heith,* 45 Miss. 388. By the Acts of 1873, a right of
action was given to the administrator *de bonis non* to
institute suit upon the bond of the former administra-
tor, "in all cases where the estate may have been de-
clared insolvent." Under this act there was no right
of action in the administrator *de bonis non* to sue upon
the bond of Dohety, the former administrator, for the
estate of Monahan was never declared insolvent. By
the Code of 1880, the right of the administrator *de
bonis non* to sue on the bond of the former adminis-
trator was somewhat extended. By section 1998 of
the Code it is declared that "he may sue on the bond
of any former administrator or executor of the estate,
where it is insolvent, or where such suit and recovery

may be necessary for the payment of the debts of such estate.'' The agreed facts show that, while the estate of Monahan was never declared insolvent, it was not necessary that suit should be brought upon the bond of the former administrator, in order that the debts due by the estate might be paid. By reason of this necessity, there was on the first day of November, 1880 (the day when the Code went into operation), a' right of action against the bond of the former administrator vested in the administrator *de bonis non;* but this right was limited by the necessity from which it sprung, the need of the funds for the payment of debts. Since there could be but one recovery on the bond, the administrator *de bonis non* entitled to sue would, of course, recover the full sum due, by the former administrator, and so much of it as might remain after the payment of debts would remain in his hands for distribution. But he was not authorized to sue where there was no necessity to use the recovery for the payment of debts. He might not recover for distribution only. In such cases the right of action was not given to him, and, as before, remained in the distributees.''

When that case was decided, section 1998, Code 1880, which is practically the same as section 2032, Code 1906, was in force. It readily appears, therefore, that the case of *Weir* v. *Monahan* instead of supporting counsel's contention clearly shows the error of his position.

The next question insisted upon by counsel for appellants is that the administrator was a necessary party to the suit. To support that argument, he cites the case of *Porter's Heirs* v. *Porter,* 7 How. p. 106-111, and the case of *Dobbins* v. *Halfacre,* 52 Miss. p. 561. Reference to the Porter case shows that it was an *ex parte* application or petition to the court, which required the administrator to settle with petitioners as distributees. The court very properly held that both

the administrators and the other distributees were proper parties. It will be observed that the proseeding was purely an *ex parte* petition in a pending administration. The bond of the administrator was not put in the suit, and in fact so far as that case shows there was no bond. The court very properly held that the administrator and the other distributees, being parties in interest, were necessary parties. It is manifest that this ruling is correct.

The case of *Dobbins* v. *Halfacre,* reported in 52 Miss. cited by counsel for appellants, has no imaginable application to this case and comment on its unnecessary. The law governing this case is found, we think, in sections 2682 and 2683, Code 1906, on joint and several debtors. Section 2682 provides in effect that a creditor may settle or compromise with any one or more of such joint or several debtors without releasing the others.

Manifestly the administrator's bond is just such an instrument of liability as contemplated by section 2683 constituting a joint and several bond, and it is clear, we think, that appellees here could sue the sureties on the bond without joining the administrator. In the case of *Horne* v. *Tartt,* reported in 76 Miss. 304, and in the case of *Gillespie* v. *Haunstein,* 72 Miss. 838, the court expressly held that an administrator was not a necessary party in a suit on his bond. We therefore rely on these two Code sections and the court authorities construing the same.

Obviously we think there is no merit in this appeal.

STEVENS, J., delivered the opinion of the court.

This is a suit in equity on the bond of one F. M. Dick, administrator of the estate of Luther J. Hopkins, deceased. The bill of complaint was filed by the appellees, brother and sisters of Luther J. Hopkins, and the dis-

tributees of his estate. There was due and proper administration of the estate. Money and accounts were collected and reported by the administrator, debts against the estate were duly probated, all property was disposed of, and the administrator filed and had the court approve his final account. Two of the appellees probated accounts against the estate for certain moneys due them, and in the decree approving the final account the administrator was directed to pay the probated claims of appellees, as also to pay all probated accounts therein specifically listed and after doing so to distribute all balance of the estate to the distributees in the proportion of one-third thereof to each. The administrator, however, failed or refused to pay appellees the probated accounts, and failed to distribute the residue of the estate to them as beneficiaries, and after the lapse of more than a year from the time of the rendition of the final decree appellees instituted this suit against E. S. Davis and Theodore Bechtel, appellants herein, as the two sureties on the administrator's bond. F. M. Dick, the administrator, was not made a party defendant, the bill charging among other things:

"Said administrator has misappropriated said fund and has left the state," and that "your complainants have made frequent efforts to ascertain the whereabouts of said F. M. Dick, administrator, but have been unable to find him or to ascertain his present place of residence or post office address."

Appellants, as defendants in the court below, interposed a demurrer to the bill, assigning as one ground of demurrer that the administrator was not made a party defendant. This demurrer was overruled, and thereafter an answer was filed, and in the answer defendants again complained of the failure of the complainants to join the administrator as an alleged necessary party defendant. The objection was overruled,

and final decree was rendered in favor of the distributees against the two sureties, and from this final decree appellants prosecute this appeal. As stated by counsel for appellants:

"The propriety of this action of the court is the only question involved in this appeal."

Counsel, however, furthermore submit the proposition that:

"An administrator *de bonis non* should have been appointed, and have brought the suit against the sureties and the former administrator."

No authority is cited by counsel, and we know of no decision of our court, holding that, after the final account of the administrator has been filed and allowed, and the distribution ordered, the distributees cannot maintain suit on the administrator's bond for a failure or refusal to comply with the terms of the court's decree. Counsel cite sections 2031 and 2032, Code of 1906 (sections 1696 and 1697, Hemingway's Code), on the point that an administrator *de bonis non* was the proper party to bring this suit. We do not so read these statutes. The essential provision of these statutes appeared as sections 1997 and 1998, Code of 1880, and as appearing in the Code of 1880 was construed by our court in *Weir* v. *Monahan,* 67 Miss. 434, 7 So. 295. It is there pointed out by Judge COOPER that the administrator *de bonis non* may sue on the bond of any former administrator or executor where the estate is insolvent, "or where such suit and recovery may be necessary for the payment of the debts of such estate." It is really unnecessary to decide that an administrator *de bonis non* could not have been appointed for the purpose of instituting this suit in the interests of the creditors, but as stated by our court:

"He might not recover for distribution only. In such cases the right of action was not given to him, and, as before, remained in the distributees."

The record shows that the estate had been fully administered upon. Nothing remained to be done except the paying over of moneys in accordance with the specific directions of the final decree. The administrator had failed to comply with these directions of the court, and, being in default, his bond was properly put in suit. We see no good reason why the distributees should not file and prosecute this suit for themselves. There was no need of the appointment of an administrator *de bonis non* for the purpose of taking charge of any specific property belonging to the estate, and to require such an appointment would be equivalent to saying that the distributees needed an agent or attorney in fact to prosecute their suit for them, and would simply add to the cost of the administration. The rights of the parties have been fixed by decree of the court, and appellees, as chief beneficiaries, had the right to prompt compliance with this decree, and, upon default upon the part of the administrator, to look to the very instrument given for their protection.

There is no objection to the prosecution of this suit against the two sureties alone. On this record the administrator has not only defaulted, but has absconded. Personal process cannot be served upon him. But, aside from any question of expediency, section 2683, Code of 1906 (section 2170, Hemingway's Code), expressly authorizes the filing of this action against one or more of the sureties. The right of the sureties to subrogation is not involved in this proceeding.

*Affirmed.*