R. J. HUGHSTON ET AL. *v.* M. J. NAIL ET AL.

LIMITATION OF ACTIONS.　*Death before bar complete.*　*Code* 1880, § 2683.

> Where suit was not brought until 1892 on certain promissory notes that were made in 1879, and fell due, respectively, on November 1, 1880, and November 1, 1881, the right of action was barred by limitation, notwithstanding the facts that the maker died on March 4, 1885, and there had been no administration of his estate; for, although the maker died before the expiration of the time limited for suit on the notes, the case is governed by § 2683 of the code of 1880, which, in that event, allows suit to be brought within one year from the death of the party liable, and not within one year from the date of letters testamentary or of administration on his estate, as does § 2162 of the code of 1871.　*Weir* v. *Monahan*, 67 Miss., 434, cited.

FROM the chancery court of Attala county.

HON. T. B. GRAHAM, Chancellor.

On June 10, 1892, the administrator and heirs at law of S. V. Hughston filed their bill of complaint for the enforcement of a vendor's lien upon certain lands sold and conveyed by their ancestor to one N. J. Nail, on April 22, 1879.　The two notes evidencing the unpaid purchase money bear the same date as the deed, and fell due, respectively, on November 1, 1880, and November 1, 1881.　The bill alleges that Nail died on March 4, 1885, and that there had never been any administration on his estate.

The defendants, who are Nail's heirs at law, answered, admitting the facts above stated, and setting up, by way of defense, the bar of the six years' statute of limitation.　This answer was excepted to on the ground that the debt was not barred at the death of Nail, upon whose estate there had been no administration, and that, by § 2162 of the code of 1871, the right of action for the debt was preserved until the expiration of one year after the issuance of letters testamentary or of adminis-

tration on his estate. The exceptions were overruled, and the complainants filed an amended bill, whereby they ineffectually attempted to establish an estoppel founded upon certain transactions, chiefly verbal, between R. J. Hughston, the administrator of S. V. Hughston's estate, and Nail's widow, the details of which it is unimportant to note. On final hearing the bills were dismissed, and the complainants appealed.

*Dodd & Armistead,* for the appellants.

1. The right of action on the notes in suit was not barred at the death of N. J. Nail, and the operation of the statute of limitations since then has been suspended, for the reason that there has been no administration of his estate, and no one in being capable of being sued. *Clayton* v. *Merrett,* 52 Miss., 353; *Cook* v. *Reynolds,* 58 *Ib.,* 243; *Boyce* v. *Francis,* 56 *Ib.,* 573; *Sledge* v. *Jacobs,* 58 *Ib.,* 194.

2. Section 2162, code of 1871, allows suit to be brought on notes that were not barred at the death of the maker at any time within one year after the grant of letters testamentary or of administration upon his estate, and that statute is the one applicable to the case, inasmuch as the contract was made in 1879, prior to the change in the law made by the code of 1880. *Lesley* v. *Phipps,* 49 Miss., 800.

3. Section 2683, code of 1880, was intended to be prospective in its operation. It cannot be so construed as to make it impair the obligation of existing contracts. *Van Hoffman* v. *City of Quincy,* 4 Wall., 550.

*Allen & McCool,* for the appellees.

The question arising upon the plea of the statute of limitations has been already passed upon by this court. *Weir* v. *Monahan,* 67 Miss., 434.

WOODS, J., delivered the opinion of the court.

The notes sued on were barred under § 2683, code of 1880. In *Weir* v. *Monahan,* 67 Miss., 434, this section was considered

and the question presented by appellants determined adversely to the contention of their counsel in the present case.

The cases cited and relied on for a reversal—viz.: *Clayton, Admr.*, v. *Merritt*, 52 Miss., 353; *Cook* v. *Reynolds*, 58 Miss., 243, and *Boyce* v. *Francis*, 56 Miss., 573—were all determined under § 2162, code of 1871, while that code was the law of the land, and before the code of 1880 was in existence.

The decree of the court below followed *Weir* v. *Monahan*, and is correct. There is nothing in the case to support appellant's invocation of the doctrine of estoppel.

*Affirmed.*